UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

December 7, 2017

**LETTER OPINION**

<u>VIA CM/ECF</u>
All counsel of record

Timothy McDougald
459 Franklin Blvd.
Somerset, NJ 08873
*Pro Se*

Re:  *Timothy McDougald v. Twp. of Franklin, et al.*
<u>Civil Action No. 15-7095 (MAS) (TJB)</u>

Dear Mr. McDougald and Counsel:

This matter comes before the Court on Defendants Township of Franklin, Franklin Township Police Department, Franklin Township Municipal Clerk, Damaris Santiago and Detective Sammy Hernandez's (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 40.) Plaintiff Timothy McDougald ("Plaintiff") failed to timely file opposition by June 19, 2017. On September 26, 2017, the Court provided Plaintiff with additional time to oppose the Motion. (Text Order, ECF No. 41.) Plaintiff again failed to file opposition by the new deadline. The Court has reviewed Defendants' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submission, Defendants' Motion for Summary Judgment is GRANTED.

Plaintiff, a *pro se* litigant, alleges that Defendants deprived him of his constitutional and civil rights by not permitting Plaintiff to file municipal complaints against three individuals who allegedly harassed him on or about July 4, 2013. (Defs.' Moving Br. Ex. A, at 5, ECF No. 40-4.)[1] Specifically, Plaintiff alleges the following claims against Defendants: (1) violation of 42 U.S.C. §§ 1981, 1983, and the Civil Rights Act of 1964; (2) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; (3) intentional infliction of emotional distress; (4) negligence due to failure to intervene pursuant to 42 U.S.C. § 1986; (5) violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; (6) violation of Plaintiff's rights pursuant to N.J.S.A. § 10:6-2; and (7) violation of Article I of the New Jersey State Constitution. (*See generally* Compl., ECF No. 1.) In support of their summary judgment motion, Defendants set forth

---

[1] The Court cites to the page numbers assigned by the electronic filing system as indicated in the header of documents.

arguments and point out that Plaintiff was permitted to file his municipal complaint and the matter was adjudicated in Municipal Court. (Defs.' Moving Br. 13, ECF No. 40-2.)

Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A material fact raises a "genuine" dispute if "a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250). To determine whether a genuine dispute of material fact exists, the Court must consider all facts and reasonable inferences in a light most favorable to the non-movant. *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (citation omitted).

Local Civil Rule 56.1 requires a party moving for summary judgment to submit a statement of undisputed material facts. D.N.J. Civ. R. 56.1(a) The Rule further requires that the party opposing summary judgment set forth its response to the statement and if any fact is disputed, support the assertion with citations to the record. *Id.* "[A]ny statement, or portion thereof, that is not clearly denied—in **substance**, not merely with the label 'disputed'—and with a proper citation to the record in a responsive Rule 56.1 statement is deemed admitted." *Juster Acquisition Co. v. N. Hudson Sewerage Auth.*, No. 12-3427, 2014 WL 268652, at *1 n.1 (D.N.J. Jan. 23, 2014) (alteration in original).

The Court finds that Plaintiff failed to raise a genuine dispute as to any material fact. First, as set forth above, Plaintiff failed to file opposition to the summary judgment motion, even though the Court afforded Plaintiff an additional opportunity to do so. The Court, therefore, deems all facts in Defendants' Statement of Material Facts as admitted pursuant to Local Civil Rule 56.1. The undisputed facts, therefore, reflect that Plaintiff was permitted to file his municipal complaint against Bailey Xavier, Brandon Chattoo, and Anthony Chattoo ("municipal defendants") and the matter was fully adjudicated; the factual basis for all of Plaintiff's causes of action has been resolved. (Defs.' Moving Br. Ex. E, at 41-57, ECF No. 40-4.) The Municipal Court dismissed the charges against the municipal defendants, but ordered them to "have no contact" with Plaintiff. (*Id.*) Here, Plaintiff failed to establish a genuine dispute as to an issue of material fact on any cause of action and summary judgment is appropriate.

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment. An order consistent with this Letter Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**